34

WYNWOOD APARTMENTS, INC., APPELLANT, *v.* BOARD OF REVISION OF CUYAHOGA COUNTY ET AL., APPELLEES.

[Cite as Wynwood Apartments, Inc., v. Bd. of Revision (1979), 59 Ohio St. 2d 34.]

(No. 78-1505—Decided July 3, 1979.)

Mr. Jacob I. Rosenbaum, Mr. Thomas P. Meaney, Jr., and Mr. Michael J. Meaney, for appellant.

Mr. John T. Corrigan, prosecuting attorney, and Ms. Karen Hassenzahl, for appellees.

CELEBREZZE, C. J. In order to determine the taxable value of the subject property, the Board of Tax Appeals must first determine the "true value in money," as mandated by Section 2, Article XII of the Ohio Constitution, and as codified in Title 57 of the Revised Code.

There was no recent arm's-length transfer of the property to serve as "best evidence" of the true value in money which the board must rely upon under R. C. 5717.03 and the case law of this court. See *Conalco v. Bd. of Revision* (1977), 50 Ohio St. 2d 129; and *State, ex rel. Park Investment Co. v. Bd. of Tax Appeals* (1964), 175 Ohio St. 410. This court has long held that the board has wide latitude as to the matters to be considered and broad discretion in attaching what weight it will give to expert testimony. *American Steel & Wire Co. v. Bd. of Revision* (1942), 139 Ohio St. 388, 393; *Citizens Building Co. v. Bd. of Revision* (1943), 141 Ohio St. 47, 51.

The problem confronted by the board herein was expressed as follows:

"In a situation like this, where there is income producing property which is under lease and the contract rent is lower than the economic rent, should contract rent or economic rent be relied upon in pursuit of establishing the fair market value of the property?"

■■■■■■■■■■■■■■

■■■■■■■■■■

This court has not had occasion to deal with this question. Those states which have had occasion to consider whether economic or real rent should be the basis of valuation of real property for *ad valorem* property taxes have generally resorted to economic rent.*

---

*While not determinative of this court's holding, the following states have decided as follows:

1. *California.*

In *Clayton* v. *County of Los Angeles* (1972), 26 Cal. App. 3d. 390, 102 Cal. Rptr. 687, the property in question was subject to a lease which could be extended to the year 2055 by the tenant. The taxpayer's appraiser utilized contract rent to determine the "full cash value" of the property, while the county assessor utilized economic rent. The court held that economic rent, rather than contract rent, should be utilized.

2. *Illinois.*

In *Springfield Marine Bank* v. *Property Tax Appeal Board* (1970), 44 Ill. 2d 428, 256 N. E. 2d 334, the Illinois Supreme Court was faced with determining the "fair cash value" of property subject to an unfavorable lease. The court held that the contract rent was irrelevant in determining value and, at page 431, stated:

"The relevance of rental income in this instance has been so diminished by the change in the property's value since the rents were established that it was properly disregarded. In such a situation, earning capacity is properly regarded as the most significant element in arriving at 'fair cash value.' * * * [M]any factors may prevent a property owner from realizing an income from property which accurately reflects its true earning capacity; but it is the capacity for earning income, rather than the income actually derived, which reflects 'fair cash value' for taxation purposes."

3. *Massachusetts.*

In *Donovan* v. *Haverhill* (1923), 247 Mass. 69, 141 N. E. 564, the Massachusetts Supreme Court held that unfavorable leases could not be utilized to determine a property's value for tax purposes.

4. *Minnesota.*

In *Crossroads Center, Inc.,* v. *Commr. of Taxation* (1970), 286 Minn. 440, 176 N. W. 2d 530, the taxpayers argued that the value of their property should be lowered because of an unprofitable lease. The court rejected this argument, stating, at page 448, that "[t]he lease value here is not controlling."

5. *New Hampshire.*

In *DeMoulas* v. *Town of Salem* (1976), 116 N. H. 775, 367 A. 2d 588, the Supreme Court of New Hampshire, at page 782, stated:

"We hold * * * that, where the actual income from long term leases does not reflect the true value of the property because the leases were made in time of boom or depression or as a result of poor management, the board may reject or give little weight to the capitalization of actual net income method."

The board believes that economic rent is a proper consideration in a situation in which contract rent is not truly reflective of true value in money.

The question actually before this court is whether the board's decision to give credence to economic rent over contract rent represents the resolution by it of a legal question (concerning which this court has the final decision) or a factual question (in which case the board has broad discretion and this court only reviews the reasonableness and lawfulness of the board's decision).

The board was faced with widely varying appraisals, and its duty was to determine which one was based upon facts that most accurately reflected market value or "true value in money." It was thus a factual determination, and

6. *New Jersey.*

The Supreme Court of New Jersey, in *Parkview Village Assoc.* v. *Collingswood* (1972), 62 N. J. 21, 29-30, 297 A. 2d 842, adopted the principle that economic rent, not contract rent, is to be utilized to value real property:

"It is of course settled that gross rental income for purposes of applying the capitalized income approach to valuation of property is to be taken at 'fair rental value,' professionally termed 'economic' rent or income, if that differs from current actual rental. *New Brunswick* v. *State of N. J. Div. of Tax Appeals, supra* (39 N. J. at 544) ; *American Institute of Real Estate Appraisers, The Appraisal of Real Estate* (1967), p. 227 *et seq.*; *International Association of Assessing Officers, Assessing and the Appraisal Process* (4 ed. 1972), pp. 82, 172; *Kahn, Case, Schimmel, Real Estate Appraisal and Investment* (1963), p. 103 *et seq; Ring, the Valuation of Real Estate* (1970), p. 208."

7. *New York.*

In *People, ex rel. Gale,* v. *Tax Comm.* (1962), 17 A. D. 2d 225, 230, 233 N. Y. S. 2d 501, the Supreme Court of New York, Appellate Division, stated:

"* * * [T]he existence of an outstanding lease at an unrealistically low rental for a long term, not representing the fair rental value of the property, is not to be used as a basis for calculating actual value. Thus, the true value of the property for assessment purposes is to be ascertained as if unencumbered by such a lease." See, also, *Ernst* v. *Bd. of Assessors* (1968), 58 Misc. 2d 504, 295 N. Y. S. 2d 712.

8. *North Carolina.*

In *In re Pine Raleigh Corp.* (1963), 258 N. C. 398, 128 S. E. 2d 855, the property owner argued that the contract rent, which was far below market rent, should be utilized to determine value. The court rejected this argument, stating, at page 403:

"Net income produced is an element which may properly be con-

within the discretion of the board to accept or reject opinion testimony. It should be noted that the board did not make any hard and fast rule that it would ignore contract rent and always adopt economic rent as determinative of "true value in money."

This court, therefore, determines that the Board of Tax Appeals may consider expert testimony concerning economic rent of commercial property in arriving at its factual determination of the "true value in money" of such property.

The decision of the board being neither unreasonable nor unlawful is affirmed.

*Decision affirmed.*

HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

sidered in determining value, but it is only one element. If it appears that the income actually received is less than the fair earning capacity of the property, the earning capacity should be substituted as a factor rather than the actual earnings."

9. *Oregon.*

The Oregon Supreme Court stated, at page 629, in *Swan Lake Moulding Co.* v. *Dept. of Revenue* (1971), 257 Ore. 622, 480 P. 2d 713:

"[T]he income from an existing lease is not * * * determinative of * * * earning power. It is the potential income to be derived from the highest and best possible use."

10. *Rhode Island.*

In *Kargman* v. *Jacobs* (1974), 113 R. I. 696, 325 A. 2d 543, the Supreme Court of Rhode Island stated, at page 705:

"In using the income approach [to valuation], the significant element to be established is the realty's capacity for earning income rather than income actually derived from its operation."

11. *South Dakota.*

In *Yadco, Inc.* v. *Yankton County* (S. Dak. 1975), 237 N. W. 2d 665, 668, the Supreme Court of South Dakota stated:

"The trial court found that the capitalization of actual income to determine 'true and full' value was inappropriate when a taxpayer has burdened his property with a long-term uneconomical lease. We agree."

12. *Virginia.*

In *Railroad Company* v. *Commonwealth* (1962), 203 Va. 294, 124 S. E. 206, the Supreme Court of Virginia held that unfavorable long-term contracts or leases should not be considered in determining the "fair market value" of real estate.