CITY OF CINCINNATI, APPELLANT, *v.* BUDGET COMMISSION OF HAMILTON COUNTY; HAMILTON COUNTY, APPELLEE.

[Cite as Cincinnati *v.* Budget Comm. of Hamilton Cty. (1988), 35 Ohio St. 3d 254.]

(No. 86-1860—Decided March 16, 1988.)

Richard A. Castellini, city solicitor, and Nancy H. Simmons, for appellant.

Arthur M. Ney, Jr., prosecuting attorney, and Thomas J. Scheve, for appellee.

Per Curiam. Appellant, the city of Cincinnati, argues that the BTA should have held another hearing before it reversed its initial finding regarding the inclusion of capital improvement and debt charge items in the budget of the county. It maintains that both the BTA and this court determined that there was insufficient evidence to support the deduction of such items. The county argues that the BTA has no mandatory duty to conduct another hearing and that its decision should stand. We agree with the county and affirm the decision of the BTA.

In our earlier decision, we regarded the BTA's findings concerning the failure to prove the legal relationship between the county and the hospital and the evidence that the levy was meant to supplement the general fund for the provision of health and hospitalization for indigent individuals to be contrary to the BTA's conclusion. We held that there was a lack of evidence to support the decision below and remanded for reconsideration. The BTA understood our instructions to mean that, although the evidence did not support its first finding, the evidence may support the finding that no legal relationship existed between the county and the hospital. Thereafter, the BTA found that the hospital was not an agency of the county and that none of the hospital's budget should be included in the determination of relative need for the county. The BTA stated further that only an operating agreement to provide care for the indigent existed between the county and the hospital.

The record supports this finding. The testimony was clear and unrebutted that the county had an agreement with the hospital under which the hospital would care for the county's in-

digent residents and, in return, the county would distribute to the hospital the proceeds of a tax levy. The county's budget director testified that the county exercised no management control over the hospital. He testified that it was a separate entity and had nothing to do with the county government. It is now evident that no written contract existed. However, contracts do not always need to be in writing, and the manner in which the parties operate may demonstrate their understanding of their rights and duties.

Finally, it is not always necessary for the BTA to open the record on remand and hear additional evidence.

*Lakeside Truck Rental, Inc.* v. *Bowers* (1963), 174 Ohio St. 405, 23 O.O. 2d 47, 189 N.E. 2d 723. If, from an examination of the record, the court is able to find that the determination of the BTA is reasonable and lawful, the decision should be affirmed. The result reached by the BTA is supported by the record.

Accordingly, the decision of the BTA is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.