OBERLIN MANOR, LTD., APPELLANT, *v.* LORAIN COUNTY BOARD OF REVISION, APPELLEE.

[Cite as Oberlin Manor, Ltd. *v.* Lorain Cty. Bd. of Revision (1989), 45 Ohio St. 3d 56.]

(No. 88-423—Submitted June 7, 1989—Decided August 16, 1989.)

*Fred Siegel Co., L.P.A., Fred Siegel* and *Karen H. Bauernschmidt,* for appellant.

*Gregory A. White,* prosecuting attorney, and *Mark E. Stephenson,* for appellee.

*Per Curiam.* In appeals from boards of revision, the BTA determines the true value of the subject property. R.C. 5717.03. On appeal, this court decides whether that decision is unreasonable or unlawful. R.C. 5717.04. In the instant case, we find that the BTA's decision is unreasonable and unlawful.

In *Alliance Towers, Ltd.* v. *Stark Cty. Bd. of Revision* (1988), 37 Ohio St. 3d 16, 523 N.E. 2d 826, paragraphs one and two of the syllabus, we held:

"1. For real property tax purposes, the fee simple estate is to be valued as if it were unencumbered. (*Wynwood Apartments, Inc.* v. *Bd. of Revision* [1979], 59 Ohio St. 2d 34, 13 O.O. 3d 19, 391 N.E. 2d 346, approved and followed.)

"2. An apartment property built and operated under the auspices of the Department of Housing and Urban Development is to be valued, for real property tax purposes, with due regard for market rent and current returns on mortgages and equities."

The instant BTA decision, issued prior to *Alliance Towers,* does not follow the principles announced in that case. The BTA's value approximates the mortgage balance, a finding which we rejected in *Murray Commons, Ltd.* v. *Franklin Cty. Bd. of Revision,* one of the consolidated cases in *Alliance Towers.* We pointed out, at 22, 523 N.E. 2d at 831-832, that these apartment buildings are constructed at a cost greater than could be justified by market rents. The excessive construction costs were paid with loans insured by the federal government. Without the government rent subsidies, the developer would not have sufficient rental income under conventional market conditions to repay the mortgage. Thus, the actual terms of the agreement with the federal government do not have a bearing on the true value of the property.

Furthermore, the BTA, here, equated the property's investment value with its true value. "Investment value" is defined in the Dictionary of Real Estate Appraisal (1984) 167, as:

"The value of an investment to a particular investor, based on his or her investment requirements; as distinguished from market value, which is impersonal and detached."

Thus, the BTA erred when it based its value determination on the subsidized nature of the property. It should have valued it with due regard for market rent and current returns on mortgages and equities. Accordingly, we reverse its decision and remand the cause to it for further proceedings consistent with this opinion.

*Decision reversed and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., dissents.