SUNSET SQUARE LTD., APPELLEE, *v.* MIAMI COUNTY BOARD OF REVISION, APPELLANT. (TWO CASES.)

[Cite as Sunset Square Ltd. *v.* Miami Cty. Bd. of Revision (1990), 50 Ohio St. 3d 42.]

(Nos. 88-1751 and 88-2011—Submitted March 13, 1990—Decided March 28, 1990.)

*Fred Siegel Co., L.P.A., Fred Siegel, Karen H. Bauernschmidt* and *Todd W. Sleggs,* for appellee.

*Teaford, Rich, Belskis, Coffman & Wheeler* and *Jeffrey A. Rich,* for appellant.

*Per Curiam.* These consolidated appeals present two issues: first, the proper valuation of the property and second, the propriety of the BTA's refusal to accept additional testimony in this matter upon remand.

In *Alliance Towers, supra,* we stated that:

"[T]hese appeals present us with the opportunity to clarify the test to be used to determine the *true value* of federally subsidized housing under R.C. 5713.03. For the reasons set forth below, we conclude that the decision of the BTA in each case is unreasonable and unlawful." (Emphasis added.) *Id.* at 20-21, 523 N.E. 2d at 830.

"True value" was described in *State, ex rel. Park Investment Co.,* v. *Bd. of Tax Appeals* (1964), 175 Ohio St.

410, 25 O.O. 2d 432, 195 N.E. 2d 908, as follows:

"The best method of determining value, when such information is available, is an actual sale of such property between one who is willing to sell but not compelled to do so and one who is willing to buy but not compelled to do so. * * * However, such information is not usually available, and thus an appraisal becomes necessary. It is in this appraisal that the various methods of evaluation, such as income yield or reproduction cost, come into action. Yet, no matter what method of evaluation is used, the ultimate result of such an appraisal must be to determine the amount which such property should bring if sold on the open market.

"Therefore, the value, or true value in money of property for the purpose of taxation, is that amount which should result from a sale of such property on the open market. * * *" *Id.* at 412, 25 O.O. 2d at 434, 195 N.E. 2d at 910.

In our earlier consideration of *Alliance Towers, supra,* we discussed the significance of encumbrances in determining fair market value. We stated that "[t]hese tax and eminent domain cases demonstrate the decision by this court to view the fair market value of real property as uncomplicated by encumbrances. It is the fair market value of the property in its unrestricted form of title which is to be valued. It is to be valued free of the ownerships of lesser estates such as leasehold interests, deed restrictions, and restrictive contracts with the government. For real property tax purposes, the fee simple estate is to be valued as if it were unencumbered.

"We do not retreat from our decision in *Canton Towers, Ltd.* v. *Bd. of Revision, supra* [(1983), 3 Ohio St. 3d 4, 3 OBR 302, 444 N.E. 2d 1027]. We observed in *Canton Towers* that the actual cost of construction, the 'con-trolled' contract rent, and the actual mortgage rate did not indicate the true value of the property." *Id.* at 23, 523 N.E. 2d at 832.

We reiterated the standards to guide boards of revision, the Tax Commissioner and the BTA in considering encumbrances when making valuations:

"1. For real property tax purposes, the fee simple estate is to be valued as if it were unencumbered. (*Wynwood Apartments, Inc.* v. *Bd. of Revision* [1979], 59 Ohio St. 2d 34, 13 O.O. 3d 19, 391 N.E. 2d 346, approved and followed.)

"2. An apartment property built and operated under the auspices of the Department of Housing and Urban Development is to be valued, for real property tax purposes, with due regard for market rent and current returns on mortgages and equities." *Alliance Towers, supra,* syllabus.

This was also the effect of the *Canton Towers* decision where, in dealing with subsidized housing, we recognized the significance of federal participation in financing construction and approved the income approach to valuation, while rejecting the cost approach as inapplicable. See *Oberlin Manor, Ltd.* v. *Lorain Cty. Bd. of Revision* (1989), 45 Ohio St. 3d 56, 57, 543 N.E. 2d 768, 769.

This approach to valuation, with due regard for market rent and current returns on mortgages and equities, is what appellee's appraiser utilized in the instant matter. The BTA accepted his true value estimates and determined that the value for 1982 was $438,500 and for 1983 was $480,000. We find these determinations were based upon the record and that they were reasonable and lawful.

Next, appellant argues that, upon remand, it was entitled to have additional testimony presented at a hearing and that the BTA's refusal was

unreasonable and unlawful. We disagree.

In *Cincinnati* v. *Budget Comm. of Hamilton Cty.* (1988), 35 Ohio St. 3d 254, 520 N.E. 2d 216, in response to a similar argument, we determined that the BTA had no mandatory duty to conduct another hearing. We stated that:

"Finally, it is not always necessary for the BTA to open the record on remand and hear additional evidence. * * * If, from examination of the record, the court is able to find that the determination of the BTA is reasonable and lawful, the decision should be affirmed." *Id.* at 256, 520 N.E. 2d at 217-218.

The record before us supports the action of the BTA in refusing to accept additional testimony in this matter upon remand. The decisions of the BTA are neither unreasonable nor unlawful and they are hereby affirmed.

*Decisions affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., dissents.