OPINIONS OF THE SUPREME COURT OF OHIO
        The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
        Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
        NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Oberlin Manor, Ltd., Appellant, v. Lorain County Board of
Revision et al., Appellees.
[Cite as Oberlin Manor, Ltd. v. Lorain Cty. Bd. of Revision
(1994),        Ohio St.3d     .]
Taxation -- Real property tax valuation -- Board of Tax
Appeals' decision reversed and remanded by Supreme Court --
BTA's failures on remand to consider the issue of carrying
forward the 1982 valuation of the subject property to tax years
1983 and 1984, and to specify that its decision and order
applied to each year of the triennium, were unreasonable and
unlawful.
        (No. 92-1489 -- Submitted May 27, 1993 -- Decided April
13, 1994.)
        Appeal from the Board of Tax Appeals, No. 84-B-97.
        Appellant, Oberlin Manor, Ltd., as the owner of a
federally subsidized apartment complex in Lorain County, Ohio
disputed the county auditor's real property valuation for tax
year 1982.  On appeal, the Board of Tax Appeals ("BTA") found
that the true value of the property was $4,350,000.  In the
subsequent appeal to this court, we reversed the BTA's decision
as unreasonable and unlawful and remanded the cause to the BTA
"for further proceedings consistent with this opinion" because
the BTA had "based its value determination on the subsidized
nature of the property," when, in accordance with our holding
in Alliance Towers, Ltd. v. Stark Cty. Bd. of Revision (1988),
37 Ohio St.3d 16, 523 N.E.2d 826, the BTA "should have valued
it with due regard for market rent and current returns on
mortgages and equities."  Oberlin Manor, Ltd. v. Lorain Cty.
Bd. of Revision (1989), 45 Ohio St. 3d 56, 57, 543 N.E. 2d 768,
769.
        Following remand, on June 26, 1992, the BTA determined
that the true value for 1982 was $1,983,000 and ordered the
county auditor to assess the property in accordance with the
BTA's decision and order.  Oberlin Manor then applied for a
refund of excess real estate taxes paid for 1982, 1983 and
1984.  The county auditor approved the refund for 1982, but,
because the BTA's decision did not specifically indicate that
any action should be taken for 1983 and 1984, refused to refund

real estate taxes for those years.

On July 20, 1992, Oberlin Manor, relying on R.C. 5715.19(D) and Wolf v. Cuyahoga Cty. Bd. of Revision (1984), 11 Ohio St. 3d 205, 11 OBR 523, 465 N.E.2d 50, filed a motion for reconsideration of the BTA's decision so that the BTA could expressly order the 1982 valuation carried forward to tax years 1983 and 1984

The BTA denied the motion because it found, under the standards set forth in Matthews v. Matthews (1981), 5 Ohio App. 3d 140, 5 OBR 320, 450 N.E.2d 278, that the motion had not called to its attention an obvious error or raise "an issue for consideration that was either not considered at all or was not fully considered when it should have been."

The cause is now before the court upon an appeal as of right from the BTA's denial of the motion for reconsideration.

Fred Siegel Co., L.P.A., Fred Siegel, Todd W. Sleggs, Steven R. Gill and Robert K. Danziger, for appellant.

Gregory A. White, Lorain County Prosecuting Attorney, John G. Morrison, Assistant Prosecuting Attorney, and Gerald Innes, for appellees.

Per Curiam.  The decision of the BTA is unreasonable and unlawful and it is reversed.

Tax year 1982 was the first year of a triennial update in Lorain County, Ohio.  In Wolf, supra, 1979 was the first year of a triennial update.  There we said: "Under R.C. 5715.19(D), the original complaint becomes a carry-over complaint until it is finally determined.  Therefore, tax years 1980 and 1981 were at issue before the BTA, along with tax year 1979."  Wolf, supra, 11 Ohio St.3d at 207, 11 OBR at 525, 465 N.E.2d at 52.

"* * * Liability for taxes and recoupment charges for such year and each succeeding year until the complaint is finally determined * * * shall be based upon the determination, valuation, or assessment as finally determined.

"* * *  Thus, the 1979 valuation also applies to 1980 and 1981."  Id. at 208, 11 OBR at 525, 465 N.E.2d 52.

The final determination of Oberlin Manor's complaint as to the assessment of real property taxes for 1982 applies to the subsequent tax years in the same triennium.  There is no evidence of record that the property was changed in 1983 or 1984, or that it was in any way different from tax year 1982.

The BTA concluded its decision of June 26, 1992, by ordering the county auditor "to list and assess the subject property in conformity with this Decision and Order."  However, the BTA should have ordered the county auditor specifically to list and assess the property at the determined value, not only for tax year 1982, but also for tax years 1983 and 1984.

The BTA misapplied the Matthews test. Oberlin Manor's motion for reconsideration specifically requested that the valuation set for 1982 "carry forward to tax years 1983 and 1984."  The BTA was required to follow Wolf, supra, for the two subsequent years of the triennium.  The BTA's failures to consider the issue of carrying forward the 1982 valuation of the subject property to tax years 1983 and 1984 and to specify that its decision and order applied to each year of the triennium were unreasonable and unlawful.

It can be argued that R.C. 5715.19(D) is self-actuating and that the county auditor should have automatically applied to the subsequent years of the triennium the BTA's decision ordering the auditor to list and assess the subject property in conformity with that decision.  However, it is also true that the statute applied with equal force to the BTA and that the BTA should not have assumed that the county auditor would interpret and apply the relevant statute properly.  The failures of the BTA to interpret and apply the statute, and to specify in its June 26, 1992 order that the tax value determination was applicable alike to 1982, 1983 and 1984, were unreasonable and  unlawful and it is reversed.

Oberlin Manor has requested that appellees, the Lorain County Board of Revision and Auditor, be required to pay Oberlin Manor's "costs and attorney fees incurred in the appeal to this Court," "[b]ased on the facts and law in this case" and, presumably, because this is the second appeal to this court by Oberlin Manor.

Appellees' counsel chose not to challenge the substantive issues raised by Oberlin Manor, but did dispute the request for costs and attorney fees.  There is no statutory authorization for the payment of attorney fees in the instant matter. Accordingly, attorney fees are payable only if appellees were motivated by bad faith in failing to apply R.C. 5715.19(D) and Wolf, supra, so as to assess the property for tax years 1983 and 1984 in the same amount that was assessed for tax year 1982, and to make the appropriate refunds for 1983 and 1984, as was done for 1982.

In State ex rel. Kabatek v. Stackhouse (1983), 6 Ohio St.3d 55, 55-56, 6 OBR 73, 74, 451 N.E.2d 248, 249, we stated:

"'The general rule in Ohio is that, absent a statutory provision allowing attorney fees as costs, the prevailing party is not entitled to an award of attorney fees unless the party against whom the fees are taxed was found to have acted in bad faith. * * *'  State ex rel. Crockett v. Robinson (1981), 67 Ohio St.2d 363, 369 [21 O.O.3d 228, 232, 423 N.E.2d 1099, 1103]."

In State ex rel. Fairfield Leader v. Ricketts (1990), 56 Ohio St.3d 97, 104, 564 N.E.2d 486, 493, a mandamus action involving the refusal of government officials to make available minutes of a meeting, we found bad faith because "we view[ed] their reasons as contrived attempts to justify an untenable position."

We can make no such finding here.  The reasons for appellees' action are not disclosed by the record.  In oral argument appellees pointed out that the BTA's decision and order were precise and did not refer to tax years 1983 and 1984, and that because of appellees' conservative nature and cautious approach to disbursing county funds, the auditor responded only to the specific tax year mentioned in the BTA's decision and order, 1982.  This attitude does not, without more, show bad faith.  The request to assess attorney fees is denied.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., concurs in part and dissents in part.

Pfeifer, J., concurring in part and dissenting in part. While I am not entirely comfortable with this court's decision in Oberlin Manor, Ltd. v. Lorain Cty. Bd. of Revision (1989), 45 Ohio St. 3d 56, 543 N.E. 2d 768, regarding the valuation of the present federally subsidized apartment complex, I do concur that the valuation resulting from that decision certainly should have been applied to all three years in the 1982-1984 triennium.

I dissent from the majority's decision not to award attorney fees to Oberlin Manor in this case. The appellees acted in bad faith. Their position regarding refunds for 1983 and 1984 was untenable, contrary to law, and went undefended in their brief before this court. What should have been an automatic decision instead resulted in unnecessary and costly litigation. The appellees ought to bear those costs.