THE STATE EX REL. PATRICK, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Patrick v. Indus.
Comm.* (1996), 74 Ohio St.3d 254.]

(No. 94–1048—Submitted October 24, 1995—Decided January 10, 1996.)

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy; Lord & Shew* and *J.C. Shew*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Melanie Cornelius*, Assistant Attorney General, for appellee Industrial Commission.

*Dunlevey, Mahan & Furry* and *Gary T. Brinsfield*, for appellee Sorg Paper Company.

---

*Per Curiam.* Claimant seeks relief consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. The appellate court, however, held that relief consistent with *Noll* was more appropriate.

We agree that the commission's order does not satisfy *Noll.* The commission acknowledged that the claimant's education and work history were "significant barriers to his ability to obtain gainful employment," but then concluded, without further explanation, that claimant had the "vocational aptitude necessary to engage in and/or be trained for light employment." These two findings are inconsistent without further explanation.

*Noll* noncompliance, however, does not compel relief consistent with *Gay.* The claimant's nonmedical profile, in this case, is not one that compels but one disability conclusion. Absent such a profile, *Gay* relief cannot issue.

Claimant lastly raises a due process argument, claiming that preparation of the permanent total disability compensation order by a subordinate hearing officer violates the Constitution. *State ex rel. Ormet Corp. v. Indus. Comm.* (1990), 54 Ohio St.3d 102, 561 N.E.2d 920, indicates otherwise. Claimant ignores that the commission is responsible for evaluating and ratifying that order, and is free to accept, reject, or modify it. Thus, by the time the order was ratified, it did indeed reflect the conclusions of the commission.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT and COOK, JJ., dissent.

COOK, J., dissenting. I would reverse the court of appeals, as I disagree with the proposition that the order of the commission fails to comply with *Noll.*

As I do not concur with the conclusion that the commission's findings are inconsistent without further explanation, I would reverse the court of appeals and deny the writ.

WRIGHT, J., concurs in the foregoing dissenting opinion.