**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 254.]**

THE STATE EX REL. PATRICK, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Patrick v. Indus. Comm.*, 1996-Ohio-130.]

*Workers' compensation—Industrial Commission abuses its discretion in denying*
*permanent total disability compensation when it does not explain the*
*reasoning for its decision.*

(No. 94-1048—Submitted October 24, 1995—Decided January 10, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93AP-963.

————————————

{¶ 1} Appellant-claimant, Harold J. Patrick, was injured in the course of and arising from his employment with appellee Sorg Paper Company. His workers' compensation claim was allowed for injuries to both knees. In 1990, he moved appellee Industrial Commission of Ohio for permanent total disability compensation based on the certification of Dr. William D. Langworthy.

{¶ 2} Among the other evidence before the commission were the reports of Drs. Wayne C. Amendt and Arnold R. Penix. Both physicians felt that claimant could not return to his former job, but could do sedentary work. Permanent partial impairment was assessed in the low-to-mid forty-percentage range.

{¶ 3} The commission denied permanent total disability compensation, writing:

"The medical evidence found persuasive are the reports of I.C. specialists Drs. Amendt and Penix. These reports indicate the claimant's allowed condition represent a low to moderate impairment which would not preclude sedentary to light employment. While it is recognized the claimant's education (8th grade) and limited work experience serve as significant barriers to his ability to obtain gainful

employment, it is determined that the claimant does have the vocational aptitude necessary to engage in and/or be trained for light employment."

{¶ 4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, claiming that the commission abused its discretion in denying permanent total disability compensation. The court of appeals found that the order did not comply with this court's mandates in *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E. 2d 245, and returned the cause to the commission for further consideration and amended order.

{¶ 5} This cause is now before this court upon an appeal as of right.

_____

*Stewart Jaffy & Associates Co., L.P.A.*, *Stewart R. Jaffy* and *Marc J. Jaffy*; *Lord & Shew* and *J. C. Shew*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Melanie Cornelius*, Assistant Attorney General, for appellee Industrial Commission.

*Dunlevey, Mahan & Furry* and *Gary T. Brinsfield*, for appellee Sorg Paper Company.

_____

*Per Curiam.*

{¶ 6} Claimant seeks relief consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St. 3d 315, 626 N.E. 2d 666. The appellate court, however, held that relief consistent with *Noll* was more appropriate.

{¶ 7} We agree that the commission's order does not satisfy *Noll*. The commission acknowledged that the claimant's education and work history were "significant barriers to his ability to obtain gainful employment," but then concluded, without further explanation, that claimant had the "vocational aptitude necessary to engage in and/or be trained for light employment." These two findings are inconsistent without further explanation.

{¶ 8} *Noll* noncompliance, however, does not compel relief consistent with *Gay*. The claimant's nonmedical profile, in this case, is not one that compels but one disability conclusion. Absent such a profile, *Gay* relief cannot issue.

{¶ 9} Claimant lastly raises a due process argument, claiming that preparation of the permanent total disability compensation order by a subordinate hearing officer violates the Constitution. *State ex rel. Ormet Corp. v. Indus. Comm.* (1990), 54 Ohio St. 3d 102, 561 N.E. 2d 920, indicates otherwise. Claimant ignores that the commission is responsible for evaluating and ratifying that order, and is free to accept, reject, or modify it. Thus, by the time the order was ratified, it did indeed reflect the conclusions of the commission.

{¶ 10} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT and COOK, JJ., dissent.

––––––––––––––––

**COOK, J., dissenting.**

{¶ 11} I would reverse the court of appeals, as I disagree with the proposition that the order of the commission fails to comply with *Noll*.

{¶ 12} As I do not concur with the conclusion that the commission's findings are inconsistent without further explanation, I would reverse the court of appeals and deny the writ.

WRIGHT, J., concurs in the foregoing dissenting opinion.

––––––––––––––––