JOURNAL ENTRY AND OPINION
{¶ 1} This appeal concerns a request by a guardian ad litem to have the parties submit to a forensic psychological evaluation for custody and visitation purposes and the authority of the trial court to require the parents to share the cost of such an evaluation. The guardian ad litem had initially made the request, which the trial court granted, then vacated, and ultimately granted again upon reconsideration without a hearing. Appellant Thelma J. Citta-Pietrolungo appeals the reconsideration order and raises the following assigned errors:
 {¶ 2} "I. The trial court erred in granting the guardian ad litem's motion for reconsideration of an order without a hearing."
 {¶ 3} "II. The trial court erred in granting the guardian ad litem's motion for forensic custody and visitation and evaluation without a finding of good cause pursuant to Civil Rule 35(A)."
 {¶ 4} "III. The trial court erred in ordering plaintiff/appellant to pay one-half the cost of the forensic psychological custody and visitation evaluation."
 {¶ 5} Having reviewed the history of this case and the parties' arguments, as well as the guardian ad litem's motion to dismiss this appeal, we affirm the trial court's decision.
 {¶ 6} The facts of this case center on the guardian ad litem's request for a forensic custody and visitation evaluation of both parents five years after the divorce, three years after Citta-Pietrolungo had relocated with the children to another state, and several months after Joseph Pietrolungo had moved to modify custody. Our concern is the guardian ad litem's motion, which was granted, vacated, and granted again after reconsideration. We review the assigned errors out of order and begin with assigned error three.
 {¶ 7} Citta-Pietrolungo argues the trial court erred in requiring her to pay one-half of the cost of the retainer fee for the forensic evaluation without first conducting a hearing on the parties' financial ability to pay. We disagree.
 {¶ 8} Our standard of review is abuse of discretion. An abuse of discretion occurs when the process used by the trial court in reaching its decision is "so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias."[1]
 {¶ 9} In this case, the trial court had a record of the parties' prior economic history and was familiar with the employment and income status of each party; consequently, the trial court was in a unique position to make a determination of how the cost should be allocated. Therefore, we conclude the applicable and determinative case law on this issue is Jacobson v. Starkcoff[2] and not Oatey v. Oatey, as Citta-Pietrolungo contends.[3] We agree with Citta-Pietrolungo that when an award of attorney's fees is made, the court abuses its discretion when the award is not supported by the manifest weight of the evidence.[4] This reasonableness standard is appropriate and applicable where no record exists or the record is devoid of any factual considerations by the trial court. However, in Jacobson, we drew the following conclusion:
 {¶ 10} "Under limited circumstances, the court may use its own knowledge and experience in determining the reasonableness of attorney fees. See, Goode v. Goode (1991), 70 Ohio App.3d 125, 134, 590 N.E.2d 439. We think that knowledge extends to the financial positions of the parties, particularly in a case such as this when the substantial assets of the parties are apparent on the record and clearly indicate the husband had the ability to pay the attorney fees. Indeed, husband wisely makes no direct argument that he could not personally afford to pay the attorney fees."[5]
 {¶ 11} As in Jacobson, this court in reviewing the record, believes the trial court was in a position to make its factual determination from its prior record and orders. Accordingly, no additional testimony was needed. Citta-Pietrolungo's third assigned error is not well taken.
 {¶ 12} In her first assigned error, Citta-Pietrolungo argues the trial court should have held a hearing before granting the guardian ad litem's motion for reconsideration. We disagree. Civ.R. 53(C)(3)(b) does not require a hearing on the motion to reconsider.
 {¶ 13} The trial court also had all the necessary information to determine whether to reconsider its prior ruling to vacate its previous order.[6]
 {¶ 14} Finally, in her second assigned error, Citta-Pietrolungo argues the court erred in granting the guardian ad litem's motion for a forensic custody and visitation evaluation without finding the required "good cause" pursuant to Civ.R. 35(A).
 {¶ 15} The children's guardian ad litem moved the court for a forensic custody and visitation evaluation by a psychologist. This motion was the result of the guardian ad litem's inability to acquire information and documentation from Citta-Pietrolungo regarding the well-being of the children after the divorce.
 {¶ 16} Under the principle that the best interests of the children should be the primary consideration, one of the means to determine the best interest of the children is to evaluate their psychological state post-divorce, if necessary. The guardian ad litem cited several factors that caused him concern. Those factors were outlined in his motion and supplemental brief filed with the trial court.
 {¶ 17} The original motion contained the following allegations: neither parent responded to requests for scholastic achievement and adjustment records despite fourteen requests; the custodial parent failed to respond to three requests for an explanation as provided as to why there was a large number of absences of one child from school; no explanation as to why tuition for school had not been paid; one child had allegedly lost an inordinate amount of weight; school records for one child indicated need for an individualized education plan, which was never communicated to the father; and, continuous allegations involving non-compliance with the visitation order.
 {¶ 18} The guardian ad litem's supplemental briefs listed additional factors, including the allegation that the father struck one of the children and that one of the children does not want to split her summer vacation with the parents, as was done in the past.
 {¶ 19} The above factors refer to potential psychological and adjustment factors which should be further examined pursuant to the best interests of the children. Civ.R. 35 and R.C. 3109.04(C) both permit psychological evaluation of the parties. Civ.R. 35 permits a physical or mental examination when the party's or person in custody of the party's physical or mental condition is in controversy. R.C. 3109.04 also permits parents and/or children to submit to psychological evaluations for the purpose of discovering the fitness of the parents and the allocation of their rights in regard to custody and visitation. Based on the allegations of the guardian ad litem, we conclude his request for a forensic custody and visitation evaluation to be proper and based on a showing of good cause. Accordingly, this assigned error is not well taken.
Judgment affirmed.
KENNETH A. ROCCO, A.J., and SEAN C. GALLAGHER, J., CONCUR.
[1] Nakoff v. Fairview General Hospital (1996), 74 Ohio St.3d 254,256-257.
[2] Cuyahoga App. No. 80850, 2002-Ohio-7059.
[3] (1992), 83 Ohio App.3d 251.
[4] Id.
[5] Jacobson, at 26., citing Deegan v. Deegan (Jan. 29, 1998), Cuyahoga App. No. 72246.
[6] See Matthews v. Matthews (1981), 5 Ohio App.3d 140, and OberlinManor v. Lorain Conty Bd. of Revision (1994), 69 Ohio St.3d 1.