[Cite as *McDonalds USA, L.L.C. v. Lorain Cty. Bd. of Revision*, 2019-Ohio-4217.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

MCDONALD'S USA, LLC

     Appellant

     v.

LORAIN COUNTY BOARD OF
REVISION, et al.

     Appellees

C.A. No.     18CA011279

APPEAL FROM JUDGMENT
ENTERED IN THE
OHIO BOARD OF TAX APPEALS
COUNTY OF LORAIN, OHIO
CASE No.     2016-1429

DECISION AND JOURNAL ENTRY

Dated: October 15, 2019

TEODOSIO, Judge.

{¶1} McDonald's USA, LLC ("McDonald's"), appeals the decision of the Board of Tax Appeals of the State of Ohio that found the true value of the subject property to be $1,930,000.00 and the taxable value to be $675,500.00 as of January 1, 2015. We affirm.

I.

{¶2} The subject property is a McDonald's restaurant located in Sheffield Village, Ohio, that was initially assessed a market value of $1,323,110.00 by the Lorain County Auditor. McDonald's filed a complaint with the Lorain County Board of Revision ("BOR") challenging the valuation, and in September 2016, the BOR reduced the value of the property to $1,311,630.00. McDonald's appealed to the Board of Tax Appeals of the State of Ohio ("BTA").

{¶3} At hearing, McDonald's presented the testimony of its appraiser, Stephen J. Weis, and submitted an appraisal report by Mr. Weis that valued the subject property at $715,000.00.

The appellees in the proceeding, the Lorain County Auditor and the BOR (collectively, "Lorain County"), presented the testimony of their appraiser, Thomas D. Sprout, and submitted an appraisal report by Mr. Sprout that valued the subject property at $1,930,000.00.

{¶4} On February 27, 2018, the BTA issued a decision finding that Mr. Sprout's appraisal was "the most credible, competent, and probative evidence of the subject property's value" and determining the true value of the property at $1,930,000.00. McDonald's now appeals, raising seven assignments of error.

II.

Standard of Review

{¶5} "If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification." R.C. 5717.04. "The general standards for reviewing BTA decisions are well settled. If the BTA's decision is both 'reasonable and lawful,' the reviewing court must affirm." *Kettering City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 2d Dist. Montgomery Nos. 27683 and 2015-2331, 2018-Ohio-2325, ¶ 12, quoting *NWD 300 Spring, L.L.C. v. Franklin Cty. Bd. of Revisio*n, 151 Ohio St.3d 193, 2017-Ohio-7579, ¶ 13, and R.C. 5717.04. "Nonetheless, a reviewing court does not hesitate to reverse BTA decisions that are based on incorrect legal conclusions." *Id.*, citing *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, ¶ 14. "Consequently, questions of law are reviewed de novo." *Id.*, citing *Dublin City Schools Bd. of Educ. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 193, 2013-Ohio-4543, ¶ 13.

**{¶6}** Our review of a BTA decision is guided by the premise that the fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities. *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, ¶ 17. "When it reviews appraisals, the BTA is vested with wide discretion in determining the weight to be given to the evidence and the credibility of the witnesses that come before it." *Id*. at ¶ 9. An abuse of discretion refers to "an unreasonable, arbitrary, or unconscionable attitude." *Renacci v. Testa, Tax Commr.*, 148 Ohio St.3d 470, 2016-Ohio-3394, ¶ 32. The BTA's factual decisions will be upheld if the record contains reliable and probative evidence supporting the BTA's determination. *Dublin City Schools* at ¶ 13.

**{¶7}** Article XII, Section 2 of the Ohio Constitution requires property to be "taxed by uniform rule according to value." "[T]he value or true value in money of any property is the amount for which that property would sell on the open market by a willing seller to a willing buyer. In essence, the value of property is the amount of money for which it may be exchanged, i.e., the sales price." *State ex rel. Park Inv. Co. v. Bd. of Tax Appeals*, 175 Ohio St. 410, 412 (1964). "Actual sales are the best way to determine value, when they are available." *Kettering* at ¶ 14. "[W]here no recent sales of the property have occurred, the BTA has wide latitude in the matters that it can consider and broad discretion in the weight that it attaches to expert testimony." *Id.* at ¶ 15, citing *Wynwood Apts., Inc. v. Bd. of Revision*, 59 Ohio St.2d 34, 35 (1979). The BTA is not required to adopt the appraisal methodology espoused by any expert or witness. *Youngstown Sheet & Tube Co. v. Mahoning Cty. Bd. of Revision*, 66 Ohio St.2d 398 (1981), paragraph one of the syllabus.

III.

ASSIGNMENT OF ERROR ONE

THE BOARD OF TAX APPEALS ACTED UNREASONABLY AND UNLAWFULLY, AND ABUSED ITS DISCRETION, WHEN IT FAILED TO FIND THAT APPELLANT'S APPRAISAL EVIDENCE CONSTITUTED COMPETENT AND PROBATIVE EVIDENCE OF THE MARKET VALUE OF THE SUBJECT PROPERTY.

ASSIGNMENT OF ERROR TWO

THE BOARD OF TAX APPEALS ACTED UNREASONABLY AND UNLAWFULLY, AND ABUSED ITS DISCRETION, WHEN IT FAILED TO FIND THAT APPELLANT MET ITS BURDEN OF PROOF, WHEN THE RECORD CONTAINED RELIABLE AND PROBATIVE EVIDENCE TO SUPPORT APPELLANT'S MARKET VALUE OF THE SUBJECT PROPERTY.

ASSIGNMENT OF ERROR THREE

THE BOARD OF TAX APPEALS ACTED UNREASONABLY AND UNLAWFULLY, AND ABUSED ITS DISCRETION, BY FINDING THE APPRAISAL ANALYSIS SUBMITTED BY APPELLEES LORAIN COUNTY BOARD OF REVISION AND AUDITOR TO BE MORE COMPETENT AND PROBATIVE EVIDENCE OF THE SUBJECT PROPERTY'S MARKET VALUE THAN THAT PROFFERED BY APPELLANT.

{¶8} In its brief to this Court, McDonald's argues its first three assignments of error together, and we will likewise consider them en masse. The arguments under these assignments of error fall into several categories, all of which share the common theme that Mr. Weis's appraisal should have been favored over Mr. Sprout's appraisal.

{¶9} McDonald's argues: (1) that Mr. Weis used a more appropriate methodology in reaching a value-in-exchange amount for the property; (2) that Mr. Sprout's appraisal methodology and analysis produces inconsistent results; (3) that Mr. Weis's selection of comparable properties was superior to those chosen by Mr. Sprout; and (4) that the size of Mr.

Sprout's "income comparables" artificially inflated his market rental rate. McDonald's fails to identify either parts of the record or any authority in support of its arguments.

{¶10} In its decision, the BTA reviewed in detail the two competing appraisal reports. Mr. Weis used the sales comparison and income approaches to valuing real property. The BTA noted that "[u]nder the sales comparison approach, he compared the subject property to five other current or former restaurant properties * * * in Cuyahoga and Lorain counties, which sold, or were listed, between 2012 and 2016." In addition, "[u]nder the tax additur method of the income approach, he relied upon nine restaurant and retail properties that were leased, or available for lease, in Lorain and Medina counties." The BTA further analyzed Mr. Weis's approach, and stated that "[h]e reconciled the indicated values, giving significant weight to the sales comparison approach to value, and finally concluded the subject property's value to be $715,000 as of January 1, 2015."

{¶11} Likewise, the BTA reviewed Mr. Spout's report, noting that "[u]nder the sales comparison approach, he compared the subject property to five other, current restaurant properties in various Ohio counties, which sold between 2013 and 2014." In addition, "[u]nder the tax additur method of the income approach, he relied upon ten restaurant properties that were leased, or available for lease, in various northern Ohio counties." The BTA further analyzed Mr. Sprout's approach, and stated that "[h]e reconciled the indicated values, but placed the most weight on the income approach to value, to finally conclude the subject property's value to be $1,930,000 as of January 1, 2015."

{¶12} The BTA went on to state:

Here, the appraisers differed on how broadly, or how narrowly, to define the subject property's highest and best use, which led to the divergence in their selection of comparable properties under the sales comparison and income approaches to value, and their reliance upon opposing approaches to derive final

conclusions of value. Upon review of the appraisal reports and the appraiser's testimony, we find that Sprout's analysis of the subject property's value on the tax lien date to be the most credible, competent, and probative evidence of value.

**{¶13}** With regard to the highest and best use analysis, the BTA found Mr. Sprout's conclusion most appropriate, noting that he had considered "the unique physical nature of the subject property" and determined that "the physical components of the property make it most suitable for continued use consistent with its original purpose as a national fast-food restaurant." It noted that although this was not as broad as "restaurant," as concluded by Mr. Weis, neither was it so narrow as to limit it to one user.

**{¶14}** The BTA further found Mr. Sprout's selection of comparable properties to have best represented the market in which the subject property would operate, noting that he "mostly relied upon comparables that were operating fast-food restaurants and that continued to operate as fast-food restaurants after their transfer." Mr. Weis, however, "relied upon comparables that were dissimilar from the subject property, i.e., former "sit-down" restaurants that were vacant at the time of sale and subsequently converted to "alternative restaurant uses[s]," one freestanding retail property, and one property that had been converted from a restaurant use to a used car dealership." The BTA found that this difference between the two approaches was "crucial" and concluded that Mr. Weis's approach undervalued the subject property.

**{¶15}** The BTA's decision noted that McDonald's faulted Mr. Sprout's report for relying upon comparable properties outside of Lorain County, but found "in this instance, * * * no error in Sprout doing so." The BTA observed that Mr. Sprout's comparable properties "mirror[ed] the use of the subject property on the tax lien date, as a fast food restaurant." The decision went on to state: "It was more appropriate to use similar properties, and make locational

adjustments if necessary, instead of using dissimilar properties that were located in close proximity to the subject property."

{¶16} As detailed above, the BTA explained its reasoning in choosing Mr. Sprout's appraisal over that of Mr. Weis. It agreed with Mr. Sprout that the highest and best use of the subject property was as a fast-food restaurant, rather than a more broadly defined purpose. It determined his comparables were preferable due to their similarity to the subject property, and despite coming from a broader geographic area.

{¶17} We conclude that the decision of the BTA is reasonable and lawful, and supported by reliable and probative evidence in the record. As we have noted, "[w]hen it reviews appraisals, the BTA is vested with wide discretion in determining the weight to be given to the evidence and the credibility of the witnesses * * *." *EOP-BP Tower* at ¶ 9. "We will not overrule BTA findings of fact that are based upon sufficient probative evidence." *R.R.Z. Assocs. v. Cuyahoga Cty. Bd. of Revision*, 38 Ohio St.3d 198, 201 (1988).

{¶18} McDonald's first, second, and third assignments of error are overruled.

ASSIGNMENT OF ERROR FOUR

THE BOARD OF TAX APPEALS ACTED UNREASONABLY AND UNLAWFULLY, AND ABUSED ITS DISCRETION, BY FINDING THE HIGHEST AND BEST USE ANALYSIS ADVANCED BY APPELLEES LORAIN COUNTY BOARD OF REVISION AND AUDITOR MORE APPROPRIATE THAN THE ANALYSIS PROFFERED BY APPELLANT.

{¶19} In its fourth assignment of error, McDonald's argues the BTA's decision was not reasonable and lawful, and that it abused its discretion, because it found the "highest and best use" analysis advanced by the Board of Revision to be more appropriate than the analysis proffered by McDonald's. We disagree.

{¶20} McDonald's argues that Mr. Sprout's appraisal defined the subject property as a "special purpose" property and used mostly national fast food restaurants as comparables. McDonald's further argues that because this "highest and best use" was so specific, the comparables available to the appraiser were almost exclusively out-of-county and required "extremely subjective" adjustments. Conversely, McDonald's states that Mr. Weis' appraisal used a more realistic "highest and best use" by using other Lorain county restaurants and retail buildings of similar size, age, and condition as comparables. McDonald's contends that in preferencing Mr. Sprout's appraisal, the BTA failed to follow the precedent of the Supreme Court of Ohio in *Rite Aid of Ohio, Inc. v. Washington Cty. Bd. Of Revision*, 146 Ohio St.3d 173, 2016-Ohio-371 (2016), which concluded that the "special purpose" property doctrine did not apply to an 11,000-square-foot drugstore.

{¶21} The transcript of the hearing before the BTA contains several instances of Mr. Sprout testifying that he did not appraise the subject property as a "special purpose" property, although he believed it could meet the definition of a "special purpose" property. Likewise, the BTA decision states that "although [McDonald's] faults Sprout's conclusion that the subject property fit the definition of special-purpose property,' we find no error given that he testified that he did not appraise the property as if it were a 'special-purpose property' and [McDonald's] is not advocating that the subject property be appraised in that manner." We therefore conclude McDonald's argument as to the "special purpose" property doctrine is without merit.

{¶22} As to Mr. Sprout's use of out-of-county comparables, his appraisal incorporates data from fast food restaurants located throughout northeastern Ohio, including Lorain County, Cuyahoga County, Medina County, and Summit County. Mr. Weis' analysis was based primarily on restaurants (not exclusively fast food chains) and retail stores located within Lorain

County. The BTA's decision determined that "[i]t was more appropriate to use similar properties, and make locational adjustments if necessary, instead of using dissimilar properties that were located in close proximity to the subject property." We cannot conclude this was unreasonable or unlawful, or that the BTA abused its discretion.

**{¶23}** McDonald's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR FIVE

THE BOARD OF TAX APPEALS ACTED UNREASONABLY AND UNLAWFULLY, AND ABUSED ITS DISCRETION, IN CONSIDERING THE PRESENT USE OF THE SUBJECT PROPERTY IN DETERMINING ITS MARKET VALUE.

**{¶24}** In its fifth assignment of error, McDonald's argues the BTA erred in its application of *Johnston Coca-Cola Bottling Co. v. Hamilton Cty. Bd. of Revision*, 149 Ohio St.3d 155, 2017-Ohio-870. We disagree.

**{¶25}** The BTA's decision provides:

The Supreme Court recently held that this board may accept an appraisal report that considers the present use of real property as long as the appraisal report's highest and best use analysis is consistent with the property's present use and the appraisal report does not exclude "other factors relevant to exchange value." *Johnston Coca-Cola Bottling Co.* [] *v. Hamilton Cty. Bd. of Revision*, 149 Ohio St.3d 155, 2017-Ohio-870, ¶ 15.

In its brief to this Court, McDonald's points to the following quotation from *Johnston Coca-Cola*: "Although present use generally cannot be the *only* measure of value, in a proper case it may be considered in determining true value for tax purposes." (Emphasis sic.) *Id*. at ¶ 14. McDonald's argues that "[i]n referring to 'a proper case[,]' the Supreme Court meant situations where factors exist that would otherwise result in the property under consideration being undervalued for tax purposes. That's not the scenario presented here."

{¶26} McDonald's has failed to provide this Court with any support for its theory of what constitutes "a proper case" for the purposes of *Johnston Coca-Cola*. We find no support for this theory in the opinion itself, nor does McDonald's cite to any authority in accord with its argument. *See* App.R. 16(A)(7) ("The appellant shall include in its brief * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies"). *Accord* Loc.R. 7(B)(7). In contrast, the Board of Revision points us to *Lowe's Home Ctrs., Inc. v. Washington Cty. Bd. of Revision*, which states, without qualification: "But while present use cannot ordinarily be *the* criterion of value, the BTA can consider it as a noncontrolling factor." (Emphasis sic.) 154 Ohio St.3d 463, 2018-Ohio-1974, ¶ 37.

{¶27} We conclude that McDonald's has failed to provide support for its fifth assignment of error. Accordingly, McDonald's fifth assignment of error is overruled.

ASSIGNMENT OF ERROR SIX

> THE BOARD OF TAX APPEALS ACTED UNREASONABLY AND UNLAWFULLY, AND ABUSED ITS DISCRETION, IN FINDING THE CAPITALIZATION RATE ADVANCED BY APPELLEES LORAIN COUNTY BOARD OF REVISION AND AUDITOR, RATHER THAN THE RATE USED BY APPELLANT, MORE APPROPRIATE TO USE IN CALCULATING THE SUBJECT PROPERTY'S MARKET VALUE UNDER THE INCOME CAPITALIZATION APPROACH TO VALUE.

{¶28} In its sixth assignment of error, McDonald's argues the BTA erred in finding the capitalization rate advanced by Lorain County more appropriate than the capitalization rate used by McDonald's. We disagree.

**{¶29}** McDonald's essentially argues that it believes Mr. Weis's capitalization rate to be based upon a more accurate analysis than that advanced by Mr. Sprout, and contends the BTA was inaccurate when it stated:

> In addition, Weis's capitalization rate raises concerns given that it was derived from properties that were dissimilar from the subject property, i.e., general retail, instead of restaurant or fast-food restaurant properties. As such, we cannot confirm that his capitalization rate appropriately captures the market in which the subject property would operate. However, Sprout's capitalization rate was based upon fast-food restaurants and, therefore, reflective of the subject property's most likely use.

**{¶30}** McDonald's concedes, however, that of 36 properties used by Mr. Weis in his capitalization rate analysis, only 7 were restaurants. As such, we cannot conclude the statement from the BTA is inaccurate. The BTA weighed the value of the two appraisals and found one to be more probative than the other. "This decision rests within the core of the BTA's competence as fact-finder and deserves the highest degree of deference from this court." *Meijer Stores L.P. v. Franklin Cty. Bd. of Revision*, 122 Ohio St.3d 447, 2009-Ohio-3479, ¶ 18. "[D]etermining the probative value of an appraiser's testimony lies within the competence of the BTA * * *." *Id.* at ¶ 20. We therefore defer to the determination of the BTA in this regard. *See id.*

**{¶31}** McDonald's sixth assignment of error is overruled.

ASSIGNMENT OF ERROR SEVEN

THE BOARD OF TAX APPEALS ACTED UNREASONABLY AND UNLAWFULLY, AND ABUSED ITS DISCRETION, IN CONTINUING TO RECOGNIZE APPELLEES LORAIN COUNTY BOARD OF REVISION AND AUDITOR'S APPRAISER AS AN EXPERT WITNESS IN VIEW OF THE TESTIMONY AND EVIDENCE PROFFERED AT THE BTA HEARING.

**{¶32}** In its seventh assignment of error, McDonald's argues the BTA erred by recognizing Lorain County's appraiser as an expert witness. We disagree.

**{¶33}** Specifically, McDonald's contends that the BTA "basically [said] that, because Mr. Sprout was recognized as an expert, McDonald's [was] not able to attempt to impeach his credibility as an expert witness in appraising fast food restaurants * * *." Likewise, McDonald's states that the BTA categorized McDonald's concerns as "being without merit because Mr. Sprout had been recognized as an expert." McDonald's goes on to argue that the BTA's decision should have addressed certain alleged actions taken by Lorain County's appraisers and that the BTA erred in failing to undertake a "detailed discussion" of those claims. We note that McDonald's has failed to provide any authority in support of this argument. Furthermore, McDonald's has failed to support this claim with any reference to that record that would support its allegation that the BTA refused to consider challenges to the appraiser's credibility simply because it had recognized him as an expert. This failure alone is sufficient to warrant overruling the assignment of error.

**{¶34}** "It is not the duty of this court to search the record for evidence to support an appellant's argument as to alleged error." *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *10 (May 6, 1998). It is an appellant's duty to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record; it is not the function of this Court to construct a foundation for his claims. *Ohio Edison Co. v. Williams*, 9th Dist. Summit No. 23530, 2007-Ohio-5028, ¶ 9. *See also* App.R. 16(A)(7) ("The appellant shall include in its brief, under the headings and in the order indicated, all the following: * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.").

**{¶35}** "We have regarded the proper use of expert opinions as lying within the sound discretion of the BTA. We defer to the BTA's determination of the *competency* as well as to the board's determination of the *credibility* of the evidence presented to it." (Emphasis sic.) *Steak 'n Shake, Inc. v. Warren Cty. Bd. of Revision*, 145 Ohio St.3d 244, 2015-Ohio-4836, ¶ 20. "[T]he BTA's qualification of an appraiser as an expert who may render an opinion before the board is not equivalent to the BTA barring that expert from cross-examination as to his credibility. *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 10th Dist. Franklin No. 17AP-692, 2018-Ohio-4621, ¶ 25. Once qualified as an expert, "the probative value of an appraiser's testimony lies within the competence of the BTA." *Meijer Stores* at ¶ 20.

**{¶36}** As stated by McDonald's itself, appellant's counsel had the opportunity to cross-examine Mr. Sprout about inconsistencies in his report, his qualifications, and his trustworthiness. The record does not support a conclusion that Sprout was unqualified or that his testimony should have been disregarded because he lacked the appropriate qualifications. McDonald's has failed to demonstrate that the BTA erred in continuing to recognize Mr. Sprout as an expert witness.

**{¶37}** McDonald's seventh assignment of error is overruled.

IV.

**{¶38}** McDonald's seven assignments of error are overruled. The decision of the Ohio Board of Tax Appeals is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Ohio Board of Tax Appeals, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

CHARLES L. BLUESTONE and PATRICK J. HEERY, Attorneys at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and SUFIAN A. DOLEH, Assistant Prosecuting Attorney, for Appellee.